IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CITY OF PHILADELPHIA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-4779 |
| | : | |
| KIDDE FENWAL, INC., et al. | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                                     **February 7, 2023**

Defendants Tyco Fire Products LP and Chemguard, Inc. request a stay of litigation pending the outcome of a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on whether to transfer this action to the District of South Carolina for coordinated or consolidated proceedings as part of a pending multidistrict litigation ("MDL"). Persuaded by the judiciary's strong interest in efficiency, the Court exercises its discretion to grant the stay pending a final transfer decision by the JPML. As such, the Court will not address Plaintiffs' Motion to Remand at this time.

On November 4, 2022, the City of Philadelphia brought suit in the Philadelphia Court of Common Pleas against 24 corporate defendants and 50 John Does for products liability, nuisance, trespass, and negligence. The case arises from Defendants' manufacture and distribution of per- and poly-fluoroalkyl substances, including the aqueous film-forming foam ("AFFF") used by firefighters to extinguish flammable liquid fires. Compl. ¶¶ 2-6, 117, ECF No. 1-1. The City claims these products dangerously contaminated the environment, by, for example, polluting its drinking water supply. *Id.* ¶¶ 7, 9.

On December 1, 2022, Defendants Tyco Fire Products LP and Chemguard, Inc. removed the case to federal court on the basis of federal officer jurisdiction. Not. Removal 2, ECF No. 1 (citing 28 U.S.C. § 1442). They allege their AFFF was manufactured in accordance with the

1

Department of Defense's "rigorous specifications" known as MilSpec, such that they should be considered government contractors and immune from tort liability. *Id.* (citing *Boyle v. United Tech. Corp.*, 487 U.S. 500 (1988)). Defendants also notified the JPML of the action, and the JMPL issued a Conditional Transfer Order ("CTO") on December 7, 2022, designating the action for transfer to the District of South Carolina as part of *In re: Aqueous Film-Forming Foams Products Liability Litigation* ("*In re: AFFF*"), MDL No. 2873. *In re: AFFF*, ECF No. 1640 (J.P.M.L. Dec. 16, 2022). On December 15, 2022, the City of Philadelphia filed a notice of opposition to the CTO. *In re: AFFF*, ECF No. 1650 (J.P.M.L. Dec. 15, 2022). The JPML has issued a briefing schedule on the CTO and will hear argument on March 30, 2023. *See In re: AFFF*, ECF No. 1651 (J.P.M.L. Dec. 16, 2022).

In the meantime, the City filed a motion to remand this case back to state court, arguing Defendants' federal contractor defense is meritless. Mot. Remand 5, ECF No. 14. The City also requests an expedited decision by this Court on the issue of remand. Mot. Expedite 1, ECF No. 15. Defendants, in turn, filed a motion to stay the case pending the JPML's decision on the opposed CTO. *See* Mot. Stay 1, ECF No. 16.

The first issue presented is thus whether the Court should address the City's motion to remand or grant Defendants' motion to stay and wait for a final transfer order from the JPML. The Panel permits a court in this situation to take either approach. *In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) ("[T]hose courts wishing to address [motions to remand] have adequate time in which to do so, [and] those courts concluding that such issues should be addressed by the transferee judge need not rule on them."). Courts across the country have differed in choosing which issue to address first. On the one hand, it is axiomatic that federal courts have limited jurisdiction, and have a "continuing obligation" to ensure its existence. *Wayne*

2

*Land & Mineral Grp., LLC v. Del. River Basin Comm'n*, 959 F.3d 569, 574 (3d Cir. 2020); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Some courts are persuaded that federal courts' "historical obligation to determine jurisdiction" favors considering the motion to remand before issuing a stay. *E.g.*, *Dent v. Lopez*, Civ. No. 14-442, 2014 WL 3615784, at *4 (E.D. Cal. July 22, 2014). On the other hand, in complex cases such as these, allowing the transferee judge to rule on a motion to remand furthers the goals of 28 U.S.C. § 1407 by ensuring efficiency and consistency. *See In re Diet Drugs Prods. Liab. Litig.*, 990 F. Supp. 834, 836 (J.P.M.L. 1998) (noting centralization under § 1407 is necessary to "eliminate duplicative discovery, prevent inconsistent or repetitive pretrial rulings . . . , and conserve the resources of the parties, their counsel and the judiciary"). Other courts have therefore held that, in this situation, a stay should be granted to further the "goals of judicial economy and consistency," despite the pendency of a motion to remand. *E.g.*, *Moore v. Wyeth-Ayerst Labs.*, 236 F. Supp. 2d 509, 512 (D. Md. 2002).

The Third Circuit has not yet addressed the issue of whether a district court should decide an issue of jurisdiction before ruling on a motion to stay or reserve the jurisdictional issue for consideration by the JPML. In *City of New Castle v. Purdue Pharma L.P.*, another court in this district chose the latter approach, addressing the motion to stay before considering the motion to remand, because of the court's strong interest in efficiency and avoiding duplicative proceedings. Civ. No. 18-1472, 2018 WL 3438841, at *2 (E.D. Pa. July 16, 2018). The court was especially persuaded that staying the district court case pending the decision of the JPML would promote judicial economy because two remand motions in other actions pending in the same MDL raised the same issues as the remand motion before the court. *See id.*

The same is true here. The JPML itself has noted consolidation of the AFFF cases is especially appropriate "because the AFFF manufacturers likely will assert identical government contractor defenses in many of the actions." *In re: AFFF*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018). And this indeed has occurred: multiple motions to remand have been filed in the AFFF MDL raising this same defense. *See, e.g.*, *In re AFFF*, MDL No. 18-2873, 2019 WL 2807266, at *2 (D.S.C. May 24, 2019). Allowing the MDL court to rule on the City's motion to remand would promote consistency in decision-making, as well as judicial efficiency, as the Panel has already developed an expertise in analyzing the government contractor defense. *See In re Maxim Integrated Prods., Inc.*, MDL No. 2354, 2015 WL 1757779, at *5 (W.D. Pa. Apr. 17, 2015) ("The accrual of judicial expertise is a key principle of the multi-district scheme.") (internal quotation marks and citation omitted)). "Granting a stay to permit the MDL court to rule on the remand motion is especially appropriate where the remand motion raises issues likely to arise in other actions pending in the MDL transferee court." *Yearwood v. Johnson & Johnson, Inc.*, Civ. No. 12-1374, 2012 WL 2520865, at *4 (D. Md. June 27, 2012) (internal quotation marks and citation omitted). For these persuasive reasons, the Court elects to address the motion to stay before the motion to remand.

In assessing whether to stay proceedings pending the resolution of another pending federal action, this Court considers "(1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay." *City of New Castle*, 2018 WL 3438841, at *2 (quoting *Cirulli v. Bausch & Lomb, Inc.*, Civ. No. 08-4579, 2009 WL 545572, at *2 (E.D. Pa. Mar. 4, 2009)). As discussed above, granting Defendants' Motion to Stay and allowing the MDL court to address the City's motion to remand would promote judicial economy and consistency, especially given the identical defenses in other motions to remand in the AFFF MDL.

As to the balance of harm to the parties, it is true the City may be prejudiced by the delay in the action resulting from the stay. However, the JPML has scheduled a final hearing on the CTO for March 31, 2023, and will likely issue its decision soon after. If it declines to transfer the case, this Court will address the remand issue swiftly. If, on the other hand, the Panel decides to transfer the case to the AFFF MDL, the MDL court will be able to intelligently decide the City's motion, based on experience, together with similar motions filed by similar plaintiffs. Thus, any delay that the City might suffer from a short stay would not be overly prejudicial, and is indeed often inherent in the MDL process. *See Cirulli*, 2009 WL 545572, at *3 ("The loss of some time and effort is an initial inevitability when multidistrict litigation is commenced. Once the actions are centralized, however, the plaintiffs will be able to benefit from the large-scale coordination on their end as well as the defendant's."). On the other hand, if a stay is not granted, Defendants will need to litigate the same issue in multiple forums. Duplicative litigation is a "significant burden" to both litigants *and* the judiciary. *Yearwood*, 2012 WL 2520865, at *4. The balance of harm to the parties tips in favor of granting the stay.

Finally, the duration of the requested stay will likely be short, given that the JPML has set a hearing date for March. And if the case is transferred, the MDL court's prior experience with almost identical motions to remand suggests it will address that motion speedily as well. The short stay will not unduly prejudice the City.

Because the interests of judicial economy are so strong in this case, and the risk of prejudice comparatively slight, the Court exercises its discretion and will grant a stay pending the outcome of the objected-to CTO. The City's Motion to Remand will be dismissed without prejudice to reassertion if the JPML declines to transfer this case. Finally, the City's Motion to Expedite will be dismissed.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.